[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13566

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

OLU VICTOR ALONGE,
a.k.a. Serge Damessi,
a.k.a. Didier Baraze,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cr-00092-TCB-LTW-1

_____

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Olu Victor Alonge, a federal prisoner proceeding *pro se*, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by section 603(b) of the First Step Act.[1]  After Alonge filed his initial brief, the government moved for summary affirmance or to stay the briefing schedule. Alonge, in turn, has move to file a response to the government's motion out of time, and a second motion to supplement the former.

For ease of reference, we will discuss the summary affirmance motion first, and then Alonge's motions.

## I.

In its motion for summary affirmance, the government argues that the district court did not abuse its discretion because it was bound by *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), and Alonge does not express any qualifying extraordinary

_____

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

and compelling reason.  It also asserts that the district court reasonably concluded that the § 3553(a) factors did not warrant release.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

We review de novo whether a district court had the authority to modify a term of imprisonment.  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  We will review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule."  *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015).  The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment.  *Jones*, 962 F.3d at 1297.  However, the statute provides that a "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances.  18 U.S.C. § 3582(c).

---

[2] We are bound by decisions of the former Fifth Circuit handed down before October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

A district court may reduce a prisoner's term of imprisonment under the compassionate release statute "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i).

The § 3553(a) factors include, among other things, the nature and circumstances of the defendant's offense, his history and characteristics, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). It is the defendant's burden to show that his circumstances warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The weight given to any specific § 3553(a) factor is committed to the sound distraction of the district court. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). Generally, when a district court considers the § 3553(a) factors, it need not state on the record that it has explicitly considered each of them or discuss each of them. *See United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).

The compassionate release statute also requires that any reduction be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, including the death of a caregiver of a minor child, and (D) "other reasons." *Id.*, cmt. n.1(A)–(D).

Subsection D serves as a catch all provision, providing that a prisoner may be eligible for relief if, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, cmt. n.1(D).

If there are extraordinary and compelling reasons for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable § 3553(a) factors. *Id.* Commentary also states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See* § 1B1.13, cmt. n.1. However, we explained that the catch-all provision in the commentary to § 1B1.13 did not grant to district courts the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Bryant*, 996 F.3d at 1248.

First, procedurally, Alonge does not challenge the district court's finding that he did not provide evidence of exhausting his administrative remedies. Therefore, this issue is abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Even if Alonge had not abandoned this issue, he did not allege any facts before the district court showing that he had exhausted his administrative remedies before filing for compassionate release.

Second, Alonge's proposed extraordinary and compelling reason did not meet the definition of such as defined in U.S.S.G. § 1B1.13. In *Bryant*, we held that the § 1B1.13 policy statement applied to prisoners requesting compassionate release, and district courts lacked discretion to develop extraordinary and compelling reasons outside of what was in the policy statement. *Bryant*, 996 F.3d at 1262, 1263. Therefore, his argument that his sentencing disparity qualified as an extraordinary and compelling reason warranting release fails because it does not fit within the policy statement. *See* U.S.S.G. § 1B1.13 cmt. n.1. As this was a necessary condition for the district court to grant compassionate release, the lack of this condition means that compassionate release cannot be granted. *See United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

Third, the district court did not abuse its discretion when it found that the § 3553(a) factors did not merit release. Although the district court did not discuss each factor explicitly, it did not need to, and it considered the seriousness of the offense in its order. *Kuhlman*, 711 F.3d at 1326. The district court had the discretion to give great weight to that factor over any other potential factor too. *Croteau*, 819 F.3d at 1309. Therefore, it did not abuse its discretion when it found that the factors did not weigh in Alonge's favor.

Accordingly, because the government's position is "clearly right as a matter of law" we grant its motion for summary affirmance and deny as moot Alonge's motion to hold this appeal in

21-13566                Opinion of the Court                7

abeyance and the government's motion to stay the briefing schedule. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

## II.

In his motions for leave to file an out of time response to the government's motion for summary affirmance, Alonge argues that he should be allowed to file a response out of time due to limited access to the law library because of the pandemic and that the government's motion for summary affirmance was flawed.

A response to a motion must be filed within 10 days after service of the motion unless we shorten or extends the time.  Fed. R. App. P. 27(a)(3)(A).  However, we may permit an act to be done after the requisite time expires for good cause.  *Id.* 26(b).

Here, we deny Alonge's motions as moot.  Although a *pro se* litigant should ordinarily be given a fair opportunity to present his arguments on appeal, Alonge raises arguments in his proposed supplemental brief that would not change the outcome of the case, especially as he does not address the independent grounds the district court had for denying his motion for compassionate release.

Thus, we deny his motions as moot.

## III.

In sum, we GRANT the government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule as well as DENY as moot Alonge's motions to file an out of time response and to supplement the out of time response motion.

8                          Opinion of the Court                     21-13566

AFFIRMED.